[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12036
Non-Argument Calendar

_____

D. C. Docket No. 05-20010-CV-PAS

TRAVIS ANTON SNOW,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(April 16, 2007)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Travis Anton Snow, a Florida state prisoner proceeding <u>pro se</u>, appeals the

district court's denial of his § 2254 habeas petition. He contends that his trial counsel rendered ineffective assistance and that he deserves an evidentiary hearing on that issue.

Snow was indicted on one count of first-degree murder and one count of attempted first-degree murder. His counsel informed him that he faced a maximum sentence of life without parole if convicted of first-degree murder. Nevertheless, Snow maintained that he acted in self-defense and was innocent of murder, and he rejected the state's plea offer of second-degree murder and a 17-year sentence. Snow then proceeded to trial, where he was found guilty of second-degree murder and sentenced to 30-years imprisonment. He now argues that his counsel provided ineffective assistance by failing to inform him that he could be convicted of second-degree murder, a lesser-included charge, and face a sentence ranging from 20 to 34 years. He claims that if he had known this fact, he would have forgone trial and accepted the plea agreement offered by the state. Snow also argues that he was improperly denied an evidentiary hearing.

The Antiterrorism and Effective Death Penalty Act (AEDPA), which applies here, significantly restricts the ability of federal courts to grant habeas relief. See 28 U.S.C. § 2254(d). Relief can be granted only if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or

2

if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts," or (2) "the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle." Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495, 1523 (2000); 28 U.S.C § 2554(d). Snow must prove that the state court did one of those two things in order to merit habeas relief.

We review de novo a district court's determination of whether the standard for granting a § 2254 petition has been met. Van Poyck v. Fla. Dep't of Corr., 290 F.3d 1318, 1321 (11th Cir. 2002). In regard to whether a state court's determination "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). We have held that "[c]learly established federal law is not the case law of the lower federal courts, including this Court," but is only Supreme Court precedent. Putnam v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001). Therefore, for Snow to prevail, the Supreme Court must have issued a decision holding that failure to inform a client of possible sentences for lesser-included charges during plea negotiations constitutes ineffective assistance of counsel. There is no Supreme Court decision doing that.

Snow may still prevail under 28 U.S.C. § 2254(d)(2), however, if he can show that the state court correctly identified the applicable Supreme Court rule but

3

unreasonably applied it to his case. <u>Putnam</u>, 268 F.3d at 1241. In <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S. Ct. 2052 (1984), the Supreme Court established a two-prong test for analyzing ineffective assistance claims. To succeed, a petitioner must show that: (1) his counsel's performance was deficient, falling below an objective standard of reasonableness; and (2) that deficient performance caused him prejudice. <u>Id.</u> at 687, 104 S. Ct. at 2064.

As to the first prong, the standard used in reviewing a lawyer's performance is "reasonableness under prevailing professional norms." <u>Stewart v. Sec'y, Dep't of Corr.</u>, 476 F.3d 1193, 1209 (11th Cir. 2007) (quotation marks and citation omitted). "The test for reasonableness is not whether counsel could have done something more or different; instead, we must consider whether the performance fell within the broad range of reasonable assistance at trial." <u>Id.</u> The petitioner carries the burden of showing by a preponderance of the evidence that his counsel's performance was unreasonable. <u>Id.</u> However, there is a strong presumption in favor of reasonableness. <u>Id.</u> To overcome this strong presumption, the petitioner must show that "no competent counsel would have taken the action that his counsel did take." <u>Id.</u> (quotation omitted).

The district court did not err in denying Snow's petition, because Snow cannot meet the first prong of the <u>Strickland</u> test. He does not dispute that his

lawyer informed him of the state's plea offer and also told him that if convicted on the first-degree murder charge he faced a maximum sentence of life without parole. We cannot say that it was unreasonable for his trial counsel not to inform him of all possible sentencing outcomes, including the possibility that he would be convicted of the lesser-included second degree murder charge and sentenced accordingly. Snow was aware of the worst-case scenario—life without parole—and decided to proceed with trial anyway. Instructing Snow only on the maximum punishment possible was not unreasonable under the prevailing professional norms.

Our conclusion is bolstered by Federal Rule of Criminal Procedure 11(b)(1)(H) and (I). The rule, which deals with a court's obligations during a plea colloquy, only requires the court to inform the defendant of the maximum penalty possible and any statutorily mandated minimum penalty. Fed. R. Crim. P. 11(b)(1)(H), (I). There is no dispute that Snow was fully informed as to both, and it follows that what is sufficient for a plea colloquy should also be sufficient for advice from counsel. Accordingly, because Snow cannot show that his counsel's performance fell below an objective standard of reasonableness, we need not reach the second prong of the Strickland test dealing with prejudice. Foster v. Dugger, 823 F.2d 402, 405 n.7 (11th Cir. 1987). The district court properly denied Snow's § 2254 petition.

5

As for his argument that he was entitled to an evidentiary hearing, Snow has failed to proffer any facts to justify one. He contends that there is a factual dispute concerning whether or not he was aware of the consequences of rejecting the state's plea offer. But there is, in fact, no real dispute about that. The record shows that Snow was not informed that he could be convicted of the lesser-included charge of second-degree murder and sentenced to 20–34 years imprisonment, but that he was told he faced a maximum sentence of life without parole. The district court had sufficient facts in the record before it to rule on Snow's ineffective assistance claim without conducting an evidentiary hearing.

**AFFIRMED.**